UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BERNADETTE DACCACHE,<br>    Plaintiff,<br>v.<br>SPROUTS FARMERS MARKET,<br>    Defendant. | Case No. 2:24-cv-00423-GMN-NJK<br>**Order**<br>[Docket Nos. 29, 36] |

Pending before the Court is Defendant's motion for protective order. Docket No. 29. Plaintiff filed a response. Docket No. 35. Defendant filed a reply. Docket No. 37. Plaintiff also filed a counter-motion for leave to conduct 30(b)(6) deposition after discovery cutoff date on Topics 11 and 12. Docket No. 36. Defendant filed a response. Docket No. 38. No reply was filed. *See* Docket. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

Plaintiff alleges that she suffered serious injuries after slipping on the wet floor of the shopping cart area in Defendant's store. Docket No. 29 at 3. Plaintiff seeks Rule 30(b)(6) deposition testimony regarding the facts and circumstances of slip-and-fall incidents at the location where shopping carts are located at Defendant's stores within Clark County during the five years prior to the subject incident. Docket No. 29-3 at 2-3 (Topic 11). Plaintiff also seeks testimony regarding the facts and circumstances of slip-and-fall incidents at Defendant's stores during inclement weather within Clark County during the five years prior to the subject incident. *Id*. at 3 (Topic 12).

Additionally, Plaintiff seeks certain requests for production. *See* Docket No. 29-2. Specifically, Plaintiff seeks documents relating to (1) complaints made regarding floor conditions, spills, trip hazards, and slippery areas located inside any of Defendant's stores within Clark County during the five years prior to the subject incident (Request No. 43); (2) all injuries, trip-and-falls

or slip-and-falls inside any of Defendant's stores within Clark County during the five years prior to the subject incident (Request No. 44); and (3) all incident reports on Sprouts000012 (Request No. 45). Docket No. 29-2 at 5-6.

## II. STANDARDS

Parties are entitled to discover non-privileged information that is relevant to any party's claim or defense and proportional to the needs of the case, including consideration of the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "The pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). To that end, courts have a "duty to pare down overbroad discovery requests." *Id*. at 602. Courts similarly guard against discovery that creates an undue burden on the responding party. Fed. R. Civ. P. 26(c)(1). District courts have broad discretion in tailoring discovery narrowly. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

When a party objects to discovery and conferral efforts are unavailing, the objecting party may seek a protective order. Fed. R. Civ. P. 26(c). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## III. ANALYSIS

### A. Request for Production Nos. 43, 44

In Request No. 43, Plaintiff requests all documents relating to complaints made regarding floor conditions inside any of Defendant's stores located in Las Vegas, Nevada during the five years prior to the subject incident. Docket No. 29 at 4. In Request No. 44, Plaintiff requests all

2

documents relating to all injuries inside any of Defendant's stores located in Las Vegas, Nevada during the five years prior to the subject incident. *Id*.

Defendant submits that Request Nos. 43 and 44 are "overbroad, unduly burdensome, [and] seeks information that is not proportional to the needs of the case." Docket No. 29 at 13. Specifically, Defendant submits that it is likely that some of the floor conditions in these complaints "were created and or caused by the existence of temporary debris or other non-permanent hazardous conditions." *Id*. Further, Defendant submits that the "requested documents are not relevant to Plaintiff's claims of negligence or her alleged injuries," and that the requests do not "resolve the underlying issues in this case concerning Defendant's liability or Plaintiff's damages." *Id*.

Defendant fails to cite to authority to support its argument that the requested topics are overbroad, burdensome, disproportional, and/or irrelevant. This failure alone constitutes consent to the denial of the motion. *See* Local Rule 7-2(d). Defendant only offers case law about the admissibility of certain evidence. Docket No. 29 at 12-13. Defendant also fails to provide meaningfully developed argument on those issues. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013). Courts only consider meaningfully developed argument.

Accordingly, as Defendant fails to meet its burden, its request for a protective order regarding Request Nos. 43 and 44 is **DENIED**.

### B. Request for Production No. 45

Defendant submits that Request No. 45 infringes personal privacy rights and constitutes an overly broad request that is "unreasonably expansive in scope." Docket No. 29 at 13. Defendant strictly construes this request to seek "almost every document in [Defendant's] possession regarding unrelated incidents." *Id*. Defendant again fails to meet its burden. Defendant fails to provide an explanation as to why this request is broad or expansive. Further, Defendant's assertion that the request infringes privacy rights is baseless. Defendant fails to provide a single example of legally protected private information contained in these records. Plaintiff submits that the request is limited to nine incidents and that the documents can be redacted. Docket No. 35 at 5.

Defendant fails to address either of these arguments in its reply. *See* Docket No. 37. Therefore, Defendant's request for a protective order attached to Request No. 45 is **DENIED**.

### C. 30(b)(6) Deposition

Depositions under Rule 30(b)(6) differ in significant respects from the normal deposition. Rule 30(b)(6) permits a party to "name as the deponent a public or private corporation." Fed. R. Civ. P. 30(b)(6). The named corporation must then designate and prepare a witness to testify on the corporation's behalf. *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 538 (D. Nev. 2008). "Rule 30(b)(6) imposes burdens on both the discovering party and the designating party." *Id.* Generally, "the party noticing a Rule 30(b)(6) deposition must take care to designate, with painstaking specificity, the particular subject areas that are to be covered." *U.S. E.E.O.C v. Bank of Am.*, 2014 WL 7240134, at *5 (D. Nev. Dec. 18, 2014). "In producing representatives for a Rule 30(b)(6) deposition, a corporation must prepare them to give complete, knowledgeable and binding answers." *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1418 (D. Nev. 1995) (internal quotations and citation omitted).

Topic 11 seeks deposition testimony regarding the facts and circumstances of slip-and-fall incidents where the shopping carts are located at Defendant's stores within Clark County during the five years prior to the subject incident. Docket No. 29 at 5. Topic 12 seeks deposition testimony regarding the facts and circumstances of slip-and-fall incidents during inclement weather at Defendant's stores within Clark County during the five years prior to the subject incident. *Id*. Here, Defendant submits that Topics 11 and 12 seek corporate testimony that is neither related to the subject incident nor proportional to the needs of the case. Docket No. 29 at 10. Defendant submits that the "deposition notice tries to cover nearly every conceivable facet of the case via expansive topics." *Id*. Defendant asserts that the "facts and circumstances regarding prior slip and fall incidents at any Sprouts locations in Clark County are overbroad, unduly burdensome, and likely to lead to invasive and costly litigation for Sprouts" and this information is not likely to lead to discoverable information. *Id*. at 11. Defendant further submits that the topics contain far-reaching subject matter, which "further aggravate[es] the preparation of a corporate witness" and creates a burden. *Id*.

Defendant contends that the scope of the deposition testimony is dictated by whether the condition at issue is temporary or permanent. *Id*. Defendant submits that the testimony regarding these topics is barred because the wet condition from the inclement weather is a temporary condition. *Id*. Evidence concerning prior slip-and-fall incidents is generally relevant to establish notice. *See Shakespear v. Wal-Mart Stores, Inc.*, 2012 WL 13055159, at *5 (D. Nev. Nov. 5, 2012); *see also, e.g.*, *Alcantra v. Bodega Latina Corp.*, 2020 WL 1692957, *3 (D. Nev. Apr. 7, 2020) ("the case law in this District Court is clear that evidence about prior slip and falls is relevant to establish notice in this context"); *Carreon v. Smith's Food & Drug Stores*, 2019 WL 13210889, at *3 (D. Nev. Feb. 26, 2019).

Defendants submits that prior incidents cannot be admissible based on Nevada Supreme Court precedent regarding temporary hazards. *See* Docket No. 29 at 11 (citing *Eldorado v. Graff*, 377 P.2d 174, 176 (Nev. 1962)). This argument fails on multiple levels. First, the testimony being sought regarding prior incidents is "probative of whether [Plaintiff's] fall was caused by a temporary condition as Defendant claims or a recurring problem that Defendant had a duty to address." *See* Docket No. 35 at 6 (quoting *Chu v. Smith's Food & Drug Cntrs., Inc.*, 2021 WL 2667683, at *2 (D. Nev. Feb. 25, 2021)). Second, trial admissibility is not the standard for discoverability. Fed. R. Civ. P. 26(b)(2) ("Information within the scope of discovery need not be admissible in evidence to be discoverable"); *Gardner v. Walmart Inc.*, 2021 WL 1842154, at *2 (D. Nev. Apr. 27, 2021). Information relating to slip-and-fall incidents involving inclement weather and/or the shopping cart area is clearly discoverable. Further, Plaintiff is entitled to discover evidence of prior incidents in the shopping cart area.

Finally, Defendant has made no showing as to undue burden.[1] *Cf. Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016) (an undue burden objection requires a showing of "specific facts which indicate the nature and extent of the

---

[1] The Court also notes that any burden is tempered by the fact that Defendant operates only thirteen stores within the Las Vegas Valley. *See* Docket No. 35 at 7. Further, Defendant's rebuttal expert report states that there has only been one reported slip-and-fall incident in the subject area in a five-year period. Docket No. 37-3 at 14.

burden, usually by affidavit or other reliable evidence" (quoting *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997)).  Defendant concedes that the slip-and-fall happened on a *rare* rainy day.  Docket No. 29 at 3 (emphasis added).  As such, testimony regarding incidents that occurred during rainy weather is likely minimal.  Therefore, Defendant's request for a protective order regarding Topic 11 and 12 deposition testimony is **DENIED**.

### IV.	CONCLUSION

For the reasons discussed above, Defendant's motion for protective order is **DENIED**. Docket No. 29.  It is **ORDERED** that Defendant must produce the documents responsive to Request Nos. 44, 44, and 45 no later than January 10, 2025.  It is **FURTHER ORDERED** that Defendant's 30(b)(6) deposition on Topics 11 and 12 must take place on or before January 10, 2025.  Plaintiff's counter-motion for leave to conduct 30(b)(6) deposition is **DENIED** as moot. Docket No. 36.

IT IS SO ORDERED.

Dated: December 11, 2024

_____
Nancy J. Koppe
United States Magistrate Judge